### MORRIS v STATE

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1049. Decided May 8, 1931

Horace Boesch, Dayton, for Morris.
F. C. Krehbiel, Cincinnati, for State.

HORNBECK, J.

It will thus be observed that whisky is by the statute defined as being intoxicating liquor, and the offense prescribed by §6212-15 GC is the illegal possession of intoxicating liquor. There is another class of liquor provided in §6212-14 wherein to prove their intoxicating character it is necessary to show that they contain one-half of one per cent or more of alcohol by volume and that they are fit for use for beverage purposes.

The charge in this case relating solely to whisky, if the liquor seized was proven to be whisky, it was not necessary to further establish that it contained one-half of one per cent or more of alcohol by volume and that it was fit for use for beverage purposes. The distinction to which we refer is recognized in **Ballabanos v State of Ohio, 15 Oh Ap, 520.**

We are also of opinion that there is sufficient proof that the liquor seized was whisky as appears in the record at page 9 where Sergeant W. J. Aldridge testified for the state that they (the officers) searched the place where the liquor was seized and found 105 gallons of **corn whisky** in gallon cans, five cans to a carton.

This testimony was not objected to nor was the means by which the officer made his determination of the character of the liquor tested. Thus as we said recently, in the case of Rohrer v State, No. 1052:

"This testimony without any showing that the officer did not have full opportunity to

know that to which he testified was sufficient. Answering this question he may have brought to his knowledge his senses of sight, taste and smell with respect to the character of the liquor."

We do not commend this form of proof and had objection been interposed by counsel for plaintiff in error, or, had the answer been tested to disclose the expertness of the knowledge of the testifying officer it might have developed that no proper test was made to support his statement.

However, the testimony that the liquor was whisky undenied, uncontradicted and not objected to, we feel is sufficient to support the requirements of proof of the intoxicating character of the liquor.

In **Hazelton v State, 8 O. Abs, 240,** cited by counsel for plaintiff in error the charge was possessing intoxicating liquor and no proof whatever that the liquor taken was intoxicating . The court say, "No one testified what the liquor was."

Finally it is urged that the proof does not support the charge of the affidavit that the offense set out was a second offense.

It is not necessary to support the judgment in this case to find that the plaintiff in error had prior to the offense alleged in the affidavit been found guilty of another violation of the liquor law and the fine in this case is not in such sum as required the conclusion that the court so found.

Again we do not approve the manner in which the prior offense is charged in the affidavit nor the method of proof. A defendant in liquor prosecution who has to meet the charge of a second violation of the liquor law should be definitely apprised of the time when, the place where, i.e., the court and the specific offense for which he was tried and of which he was convicted. Obviously these facts should be set forth so that the defendant may have opportunity to meet the specific charge against him. However, in this case plaintiff in error went to trial without any effort whatever to have the affidavit made more specific and permitted the officer to testify that he had twice before been convicted of liquor violations which probably would be sufficient without such objection.

Therefore, after a full and fair consideration of this record we cannot say that the trial court erred in its judgment to the manifest prejudice of plaintiff in error in finding him guilty as charged and in sentencing him in conformity thereto, and the judgment of the Common Pleas Court affirming such conviction and sentence will be affirmed.

ALLREAD, PJ and KUNKLE, J, concur.